Ward E. Taleff (#2454)
TALEFF & MURPHY, P.C.
300 River Drive North, Suite 5
P. O. Box 609
Great Falls, Montana 59403
Telephone:    (406) 761-9400
Facsimile:    (406)761-9405
Email: mick@talefflaw.com
           kris@talefflaw.com
           mail@talefflaw.com

Attorneys for Neal Bouma

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>THORCO, INC.,<br><br>                     Debtor. | Case No. 22-90119-JMM |
| THORCO, INC.,<br><br>                     Plaintiff,<br>v.<br>WHITEFISH CREDIT UNION, MO SOMERS, LLC, RUIS GLACIER, LLC and NEAL BOUMA,<br><br>                     Defendants. | Adv. Proc. No. 22-09003-JMM |

**NEAL BOUMA'S MOTION TO STRIKE, MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, ANSWER AND COUNTERCLAIM**

**MOTION TO STRIKE**

Comes now Neal Bouma and moves the Court, pursuant to Rule 12(f), F.R.Civ.P. and Fed. R. Bankr. P. 7012(b), to strike paragraphs 49, 50, 57, 58 and 73 from the Amended Complaint on the basis they contain immaterial, impertinent and scandalous allegations. This motion is supported by the memorandum below.

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

NOTICE OF HEARING

Date: _____

Time: _____

Location: _____

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief

requested should be granted.

## BRIEF IN SUPPORT OF MOTION TO STRIKE

The decisions of the Montana Supreme Court in *Thornton v. WCU*, 2019 MT 138N, 396 Mont. 549, 455 P.3d 435 and *Thorco v. Whitefish Credit Union*, 2021 MT 207N, 405 Mont. 537, 492 P.3d 1228, held the transfer of title to the real property to the Whitefish Credit Union was proper and that the Debtor held no interest in the property once the credit union recorded the deeds. In addition, the decision of this Court in granting Defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim included a finding that Thorco had no interest in the real property following the recording of the deeds. The Court's analysis in deciding that motion, to the undersigned's recollection, involved whether by amending the

pleading on the theory the Debtor-In-Possession could assert a claim for a theoretical unsecured creditor of the Debtor. The Court noted the Debtor itself had no such right.

Debtor's allegations in paragraphs 49, 50, 57, 58 and 73 of the Amended Complaint are based on contentions that (i) the Whitefish Credit Union had a duty to hold the deeds in escrow, (ii) the credit union was not entitled to record the deeds, (iii) Thorco had an ownership interest in the real property following the recording of the deeds by the credit union, and (iv) Thorco itself has any claim against any Defendant, are immaterial, impertinent or scandalous. No theoretical creditor of the Debtor on the date the deeds were recorded would have standing to make and could not make those arguments because the Debtor lacked any interest in the real property after October 25, 2018. These allegations are an improper collateral attack on those decisions and should be stricken.

## CONSENT

In accordance with Fed. Bankr. Rules 7008 and 7012(b), Bouma consents to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding.

## ANSWER

1. In response to paragraph 1, admits Debtor as DIP seeks the indicated relief but denies the Debtor is entitled to bring this action, denies the Debtor or any creditor of Debtor is entitled to the relief sought. Further, Bouma denies Debtor has properly objected to any claims that have or may be filed in its bankruptcy case in that objections to claims are governed by Fed. R. Bankr. P. 3007 and Mont. LBR 3007-1.

2. Admits the allegations in paragraphs 2, 3 and 6.

3. Admits the allegation in paragraph 4 that MO Somers, LLC is a Montana limited liability company with its principal place of business located in Whitefish, Montana but lacks

knowledge or information to admit it may claim an interest in the property described in the First Amended Complaint and therefore denies the same.

4. Admits the allegation in paragraph 5 that Ruis Glacier, LLC is a Montana limited liability company with its principal place of business located in Columbia Falls, Montana, but lacks knowledge or information to admit it may claim an interest in the property described in the First Amended Complaint and therefore denies the same.

5. Bouma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 30, 31, 32, 33, 35, 36, 37, 48, 50, 51, 52, 59, 61, 62, 63, 64, 65, 66, 67, 67, 68, 69, 70, 77, 78, 82, 84, 88, 90, 96, 97, 98, 99, 106 and therefore denies the same.

6. Subject to the defenses and denials contained in this Answer, Bouma admits the allegations of paragraphs 9, 71, 85, 86, 91 and 92.

7. The allegations in paragraphs 10, 11 and 12 constitute legal assertions to which a response is not required. To the extent a response is required, Bouma admits Thorco asserts the claims are core proceedings, that Thorco has consented to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding, that venue is proper, and that Thorco brings this proceeding pursuant to 11 U.S.C. § 105 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

8. In response to the allegations of paragraph 72, Bouma admits on information and belief that Realty Transfer Certificates were completed, lacks knowledge or information sufficient to form a belief as to the truth of the allegation that such were included with the Warranty Deeds, and denies the deeds were deeds in lieu of foreclosure. Bouma affirmatively states the RTC contains a box to indicate if the deed is a deed in lieu of foreclosure, the box is

not checked but the box for "other" is checked and the document on its face indicates the exception from providing sales price information is "Other" and as to "Specify Type," the document indicates "Settlement in Cause No. DV-12-174B".

9. In response to the allegations of paragraphs 13 and 104, Bouma incorporates his responses to the referenced paragraphs.

10. In response to the allegations of paragraph 21, Bouma admits Exhibit B is a copy of a recorded real estate mortgage but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph which are based on the preceding paragraph and therefore denies the same.

11. Bouma admits on information and belief the allegations of paragraphs 25, 27, 28, 29, 34, 38, 39, 41, 46, 47, 60, 79, 80, 100, 101 and 105.

12. Admits on information and belief the allegation in paragraph 26 that Thorco pursued counterclaims but lacks knowledge or information sufficient to admit the nature or amount of such counterclaims and therefore denies those allegations.

13. In response to the allegations of paragraph 40, Bouma asserts the Settlement Agreement is the best evidence of its contents and contains substantially more facts than recited in the paragraph. To the extent the allegations are not consistent with or mischaracterize the document as a whole, Bouma denies them.

14. Admit the quoted language set forth in paragraph 42 is contained within the Settlement Agreement, but asserts the Settlement Agreement is the best evidence of its contents and contains substantially more facts than recited in the paragraph. To the extent the allegations are not consistent with or mischaracterize the document as a whole, Bouma denies them.

15. The allegations in paragraphs 8, 43, 49, 53, 54, 55, 56, 73, 74, 75, 76, 102, 103, 107, 108, 109, 110, 111 and 112 constitute legal assertions to which a response is not required. To the extent a response is required, Bouma denies the allegations.

16. In response to the allegations of paragraphs 44 and 45, the Settlement Agreement is the best evidence of its contents. Further, the allegations constitute legal conclusions to which a response is not required. To the extent a response is required, Bouma denies italicized and underlined language is contained in the Settlement Agreement and further denies the characterization of the Settlement Agreement's terms in paragraphs 44 and 45 is accurate.

17. Bouma denies the allegations of paragraphs 57, 58, 83, 89, 93, 94 and 95.

18. Admits the allegation in paragraphs 81 and 87 that Ruis Glacier's and MO Somers' registered agent is a partner at the same law firm that represented WCU in the underlying litigation but denies the remainder of the paragraphs.

19. Denies any allegation in the Amended Complaint that has not been expressly admitted in this Answer

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The *Amended Complaint* is an improper collateral attack upon a judgment or decision.

2. The claim for relief is barred by res judicata, claim preclusion and/or issue preclusion.

3. The claim for relief is barred by laches.

4. The claim for relief is barred by unclean hands.

5. The claim for relief is barred by accord and satisfaction.

6. The claim for relief is barred by estoppel, judicial estoppel and equitable estoppel.

7. The claim for relief is barred by release.

8. The claim for relief is barred by the Statute of Limitations, including 11 U.S.C. § 550(f).

9. The claim for relief is barred by waiver.

10. There is no statutory, contractual, or other basis for an award of attorney fees.

11. The claim for relief is barred by lack of subject matter jurisdiction in that the Property is not an asset of the estate.

12. Bouma acquired a portion of the Property in good faith and for a reasonably equivalent value. Mont. Code Ann. § 31-2-340(1).

13. Bouma is a subsequent transferee whose transaction is not voidable under Montana Code Ann. § 31-2-333(1)(a) by reason of Mont. Code Ann. § 31-2-340(1).

14. Bouma is not a creditor or a former creditor of the Debtor and neither Mont. Code Ann. § 31-2-333 nor Mont. Code Ann. § 31-2-333 is applicable as to him.

15. Bouma took a portion of the real property for value, in good faith, and without knowledge of the actual or alleged voidability of the transfer.

16. Bouma is a mediate good faith transferee of the preceding transferees.

17. On information and belief, Debtor cannot prove the elements of claims under Mont. Code Ann. §§31-2-333 and 31-2-334.

18. The Debtor was not insolvent at the time of the initial transfer, the initial transfer did not make the Debtor insolvent, the initial transfer did not leave the Debtor with an unreasonably small amount of assets in relation to its business, and/or the initial transfer did not leave the Debtor in a position in which it was unable to pay its debts as they came due.

19. No creditor at the time of the initial transfer was harmed, damaged, or incurred a loss by reason of the initial transfer. The only beneficiaries of the claim are the Debtor and its attorneys.

20. The Debtor has failed to allege specific facts to support its allegations of fraudulent conduct or the elements of the statutory bases on which the Amended Complaint is based.

21. The First Amended Complaint fails to state a claim for relief and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and Fed. R. Bankr. P. 7012(b) in that (a) Bouma does not fall within the Bankruptcy Court's "related to" or supplemental jurisdiction; (b) the material allegations of the First Amended Complaint, even if accepted as true, do not establish the required elements for a fraudulent conveyance, including an identified unsecured creditor on the date of transfer (October 25, 2018); or (c) the outcome of this proceeding will not have any effect on Thorco's bankruptcy estate. In support of this motion, Bouma adopts by reference and incorporates herein the *Motion to Dismiss With Prejudice and Memorandum in Support* filed by the Whitefish Credit Union this same date.

## COUNTERCLAIM

For his Counterclaim, Neal Bouma states and alleges:

1. Neal Bouma is a Defendant in this Adversary Proceeding by which Debtor asserts a claimed fraudulent conveyance occurred in connection with Bouma's purchase of a portion of the real property identified in the Amended Complaint.

2. Bouma is a subsequent transferee rather than the first transferee.

3. Bouma took the property in good faith and for a reasonably equivalent value.

4. In the event the Debtor prevails in this proceeding, which event Bouma denies and contests, then Bouma is entitled, to the extent of the value given for the transfer or obligation, to

(a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; or (c) a reduction in the amount of the liability on the judgment.

4. Alternatively, in the event the Debtor prevails in this proceeding, which event Bouma denies and contests, Bouma is entitled to a lien on the real property recovered to secure the lesser of (a) the cost to Bouma of any improvements made by him any profit realized by or accruing to him from such property and, (b) any increase in the value of such property as a result of such improvements.

5. The amount of such entitlements is not presently known to Bouma but will be proven at trial.

Wherefore, having asserted his Motion to Strike with supporting memorandum, Answer, Defenses and Counterclaim, Bouma requests the following relief:

1. The Amended Complaint be denied and Debtor take nothing by this action;

2. The Amended Complaint be dismissed as to Bouma;

3. In the event the Court determines an avoidable transaction occurred, Bouma be awarded his entitlement offsets and lien,

4. An award of Bouma's recoverable costs and expenses; and

5. Such other and further relief as to the Court seems just and equitable.

Dated this 5th day of April, 2023.

                TALEFF & MURPHY, P.C.

                By___/s/ Ward E. Taleff_____
                    Ward E. Taleff
                    300 River Drive North, Suite 5
                    P.O. Box 609
                    Great Falls, MT 59403

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under the penalty of perjury that I electronically filed the foregoing with the Clerk of the United States Bankruptcy Court by using the federal CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the federal CM/ECF system.

I further certify that those participants in the case who are not registered CM/ECF users were sent the foregoing document via First-Class Mail, postage prepaid, as shown below:

None

Dated this 5th day of April, 2023.

____/s/ Ward E. Taleff_____
For Taleff & Murphy, P.C.