Tyler C. Smith
LAIRD COWLEY, PLLC
2315 McDonald Avenue, Suite 220
Missoula, MT 59801
P.O. Box 4066
Missoula, MT 59806-4066
Telephone: (406) 541-7400
Facsimile: (406) 541-7414
Email: tsmith@lairdcowley.com

Attorneys for MO Somers LLC and Ruis Glacier, LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>THORCO, INC.,<br><br>      Debtor. | Case No. 22-90119-JMM<br><br>Chapter 11 |
| THORCO, INC., a Montana corporation,<br><br>      Plaintiff,<br><br>   vs.<br><br>WHITEFISH CREDIT UNION, a federally-insured Montana-chartered credit union; MO SOMERS, LLC, a Montana limited liability company; RUIS GLACIER, LLC, a Montana limited liability company; NEAL BOUMA, an individual; and DOES 1-10,<br><br>      Defendants. | Adversary No. 22-09003-JMM<br><br>**MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND RECOVER PROPERTY, AND COUNTERCLAIM** |

COME NOW, Defendants MO Somers LLC and Ruis Glacier, LLC

(collectively "Defendants"), and respectfully submit their Answer to the First

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM
    PAGE 1.

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 1 of 42

Amended Complaint to Avoid Fraudulent Transfers and Recover Property

("Complaint") filed by Plaintiff Thorco, Inc. ("Plaintiff" or "Debtor").  Defendants

state and allege as follows:

## **MOTION TO STRIKE**

COME NOW, Defendants and join in Defendant Neal Bouma's ("Bouma")

motion to strike paragraphs from the Complaint, pursuant to Rule 12(f), Fed. R.

Civ. P. and Fed. R. Bankr. P. 7012(b), on the basis that they contain immaterial,

impertinent, and scandalous allegations.  Defendants incorporate Bouma's motion

to strike, and supporting memorandum, as set forth in his Answer to the

Complaint, by reference as if fully stated herein.

## **NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING**

If you object to the motion, you must file a written responsive pleading and

request a hearing within fourteen (14) days of the date of the motion.  The

responding party shall schedule the hearing on the motion at least twenty-one (21)

days after the date of the response and request for hearing and shall include in the

caption of the responsive pleading in bold and conspicuous print the date, time, and

location of the hearing by inserting in the caption the following:

NOTICE OF HEARING

Date: _____
Time: _____
Location: _____

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 2.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 2 of 42

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.

## CONSENT

In accordance with Fed. Bankr. Rules 7008 and 7012(b), Defendants consents to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding.

## ANSWER

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Unless expressly admitted below, all of the allegations of Plaintiff's Complaint are denied. To the extent any allegations of Plaintiff's Complaint are inconsistent with or unanswered by the responses below, they are denied.

### THIRD DEFENSE

In response to the specific allegations of Plaintiff's Complaint, Defendants admit, deny, and allege as follows:

### *NATURE OF ACTION*

1.      In this Adversary Proceeding, the Debtor seeks an order avoiding fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548 and 550, of certain real

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO     PAGE 3.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 3 of 42

property located in Somers, Montana.  Additionally, the Debtor objects to any claims filed by the Defendants in this bankruptcy case.

**RESPONSE:**  In response to paragraph 1, Defendants admit Debtor seeks the indicated relief but deny Debtor is entitled to bring this action, deny Debtor or any creditor of Debtor is entitled to the relief sought.  Further, Defendants deny Debtor has properly objected to any claims that have or may be filed in its bankruptcy case in that objections to claims are governed by Fed. R. Bankr. P. 3007 and Mont. LBR 3007-1.

### *PARTIES*

2.      Plaintiff, Thorco is the Debtor of the above-referenced bankruptcy proceeding.

**RESPONSE:**  In response to paragraph 2, Defendants admit the allegations.

3.      Defendant Whitefish Credit Union ("WCU") is a domestic financial institution principally located in Whitefish, Montana.

**RESPONSE:**  In response to paragraph 3, Defendants admit the allegations.

4.      Defendant MO Somers, LLC ("MO Somers") is a Montana limited liability  company with its principal place of business located in Whitefish, Montana, who may claim an interest in the Property described here.

**RESPONSE:**  In response to paragraph 4, Defendants admit the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO      PAGE 4.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 4 of 42

5.     Defendant Ruis Glacier, LLC ("Ruis Glacier") is a Montana limited liability company with its principal place of business located in Columbia Falls, Montana, who may claim an interest in the Property described here.

**RESPONSE:**  In response to paragraph 4, Defendants admit the allegations.

6.     Defendant Neal Bouma ("Bouma") is an individual with an address located in Whitefish, Montana, who claims or may claim an interest in the Property described here.

**RESPONSE:**  In response to paragraph 6, and upon information and belief, Defendants admit the allegations.

7.     Defendants Does 1-10 are presently unknown individuals or entities which may claim some ownership or other interest in the Property identified on Exhibit A attached here.  At such time as the true identities of these individuals or entities is discovered, Thorco will seek to amend this Complaint to name the specific individuals or entities.

**RESPONSE:**  In response to paragraph 7, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

### *JURISDICTION AND VENUE*

8.     This Adversary Proceeding arises under Title 11 of the United States Code and arises in or is related to the captioned Chapter 11 case now pending in

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 5.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 5 of 42

the United States Bankruptcy Court of the District of Montana, as Case Number 22-90119-JMM.

**RESPONSE:** Subject to the defenses and denials contained in this Answer, Defendants admit the allegations in paragraph 8.

9.     This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 11 U.S.C. § 105 and 28 U.S.C. §§ 157, 2201 and 1334, all pursuant to the standard order of reference entered in this District.

**RESPONSE:** Subject to the defenses and denials contained in this Answer, Defendants admit the allegations in paragraph 9.

10.     Thorco asserts the claims being pursued in this Adversary Proceeding are "core proceedings" pursuant to 28 U.S.C. § 157 and related authority. Nevertheless, to the extent the claims pursued herein are not core proceedings, Thorco expressly consents to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding.

**RESPONSE:** The allegations in paragraph 10 constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants admit Plaintiff asserts the claims are core proceedings, that Plaintiff has consented to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding, that venue is proper, and that Plaintiff brings this

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 6.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 6 of 42

proceeding pursuant to 11 U.S.C. § 105 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

11. Venue is proper under 28 U.S.C. § 1409(a).

**RESPONSE:** The allegations in paragraph 11 constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants admit Plaintiff asserts the claims are core proceedings, that Plaintiff has consented to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding, that venue is proper, and that Plaintiff brings this proceeding pursuant to 11 U.S.C. § 105 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

12. This proceeding is brought pursuant to 11 U.S.C. § 105, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

**RESPONSE:** The allegations in paragraph 12 constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants admit Plaintiff asserts the claims are core proceedings, that Plaintiff has consented to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding, that venue is proper, and that Plaintiff brings this proceeding pursuant to 11 U.S.C. § 105 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO     PAGE 7.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 7 of 42

## *FACTUAL BACKGROUND*

13.     Thorco reasserts all of the foregoing paragraphs as if fully set forth herein.

**RESPONSE:**  In response to the allegations of paragraph 13, Defendants incorporate their responses to the referenced paragraphs.

14.     In 2008, Thorco owned the real property described on ***Exhibit A***, attached here (the "Property").

**RESPONSE:**  In response to paragraph 14, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

15.     The Property consists primarily of two large parcels, a 200-acre parcel and a 300-acre parcel.  Each larger parcel is further subdivided into smaller 20-acre lots (ten lots in the 200-acre parcel, and thirteen 20-acre and one 40-acre lot in the 300 acre parcel).

**RESPONSE:**  In response to paragraph 15, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

16.     In 2008, the 300-acre parcel was appraised at $8,100,000.00 value. That value was later revised in early 2009 to $6,775,000.00.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 8.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 8 of 42

**RESPONSE:** In response to paragraph 16, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

17.     Also in early 2009, the 200-acre parcel was appraised at $2,000,000.00 value. At that time, both parcels were included in a $8,775,000.00 valuation.

**RESPONSE:** In response to paragraph 17, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

18.     In 2008, Glacier Bank agreed to lend Thorco approximately $7,200,000.00 in a two-part construction loan, with a take-out permanent loan at the end of the construction period. The first construction loan of $3,360,000.00 was funded based on the property valuations, secured by a mortgage on the real property.

**RESPONSE:** In response to paragraph 18, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

19.     In early 2009, WCU either refinanced or took over the loan from Glacier Bank. At that time, in order to support the WCU takeover, valuations of

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 9.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 9 of 42

the Property put the combined value of both parcels between $11,180,500.00 and $30,386,500.00.

**RESPONSE:** In response to paragraph 19, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

20.     In March 2009, WCU officially refinanced the loan.  Thorco signed a new Promissory Note for $3,360,000.00 (the "2009 Note") and Thorco granted a mortgage to WCU to secure the 2009 Note.  This mortgage was recorded as Instrument No. 200900007830 in the records of Flathead County (the "2009 Mortgage").

**RESPONSE:** In response to paragraph 20, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

21.     A true and correct copy of the 2009 Mortgage is attached here as ***Exhibit B***.

**RESPONSE:** In response to the allegations of paragraph 21, Defendants admit Exhibit B is a copy of a recorded real estate mortgage, and affirmatively state that Exhibit B speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph which are based on the preceding paragraph and, therefore, deny the same.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO            PAGE 10.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 10 of 42

22.     By early 2011, Thorco had improved the Property, with the improvements valued at approximately $16,595,782.00.

**RESPONSE:** In response to paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

23.     Despite the prior valuations of the Property, and the value of the improvements made to the Property, WCU sought and obtained a new appraised value of the Property in February 2011 of $2,353,400.00.

**RESPONSE:** In response to paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

24.     Despite Thorco's request to refinance and/or restructure the 2009 loan, in March 2011, WCU started the process of foreclosing on the 2009 Mortgage.

**RESPONSE:** In response to paragraph 24, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

25.     In February, 2012, WCU filed a Complaint seeking a judgment of foreclosure on the 2009 Mortgage and judgment on a breach of contract and breach

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 11.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 11 of 42

of guarantee claims (against Thorco and its owners Dennis & Donna Thornton) (the "2012 Case").

**RESPONSE:** In response to paragraph 25, Defendants admit on information and belief the allegations.

26. In the 2012 Case, Thorco pursued counterclaims against WCU asserting various lender liability claims valued at $60,000,000.00.

**RESPONSE:** In response to paragraph 26, Defendants admit on information and belief the allegation that Plaintiff pursued certain counterclaims, but lack knowledge or information sufficient to admit the nature or amount of such counterclaims and, therefore, deny those allegations.

27. By order dated March 10, 2014, the court in the 2012 Case granted WCU's summary judgment motion on its foreclosure and breach of contract claims.

**RESPONSE:** In response to paragraph 27, Defendants admit on information and belief the allegations.

28. On May 27, 2014, Thorco filed a Chapter 11 Bankruptcy Petition in the District of Montana (Case No. 14-60633-RBK – the "2014 BK Case").

**RESPONSE:** In response to paragraph 28, Defendants admit on information and belief the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO        PAGE 12.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 12 of 42

29.    The filing of the 2014 BK Case stayed the foreclosure proceedings against the Property.

**RESPONSE:**  In response to paragraph 29, Defendants admit on information and belief the allegations.

30.    In the 2014 BK Case, WCU filed a Proof of Claim, asserting a claim of $4,188,854.24, which was secured by real property valued at $8,790,000.00. (*See* 2014 BK Case, POC 4-1).

**RESPONSE:**  In response to paragraph 30, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

31.    In the 2014 BK Case, WCU objected to the adequacy of Thorco's Disclosure Statement, asserting (in part) that its claim of $4,188,554.24, was "over-secured" and therefore it was entitled to post-petition interest, attorneys fees and costs.  (*See* 2014 BK Case, Doc. 42).

**RESPONSE:**  In response to paragraph 31, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

32.    Shortly after objecting to the Debtor's Disclosure Statement, WCU filed a Motion to Modify Stay, asserting instead that the real property was valued at $1,640,000.00.  (See 2014 BK Case, Doc. 55).

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO       PAGE 13.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 13 of 42

**RESPONSE:** In response to paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

33. Without a resolution on the Disclosure Statement or Motion to Modify Stay, the parties stipulated to dismiss the 2014 BK Case, and the case was dismissed on March 3, 2015.

**RESPONSE:** In response to paragraph 33, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

34. On February 23, 2016, after the 2012 case was revived following the dismissal of the 2014 BK Case, a Judgment of Foreclosure and Order of Sale was entered in the 2012 Case. That judgment allowed the foreclosure sale and set damages at $4,348,880.81 on the breach of contract and guarantee claims.

**RESPONSE:** In response to paragraph 34, Defendants admit on information and belief the allegations.

35. On March 3, 2016, Thorco and the Thorntons appealed the Judgment of Foreclosure and Order of Sale.

**RESPONSE:** In response to paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO     PAGE 14.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 14 of 42

36.     On March 22, 2016, after WCU filed a Motion to Dismiss the appeal, the Montana Supreme Court entered an order dismissing, without prejudice, the appeal of the Judgment of Foreclosure and Order of Sale as premature and not a final order in the 2012 Case.

**RESPONSE:** In response to paragraph 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

37.     The dismissal of the appeal was due, in part, to the pending lender liability counterclaims that had been made against WCU.

**RESPONSE:** In response to paragraph 37, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

38.     On April 4, 2016, Thorco, the Thorntons and WCU participated in a mediation. The mediation resulted in a Settlement Agreement and Mutual Release signed by all of the parties (the "Settlement Agreement").

**RESPONSE:** In response to paragraph 38, Defendants admit on information and belief the allegations.

39.     A true and correct copy of the Settlement Agreement is attached here as ***Exhibit C***.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO     PAGE 15.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 15 of 42

**RESPONSE:** In response to paragraph 39, Defendants admit on information and belief the allegations. Further, Defendants affirmatively state that Exhibit C speaks for itself.

40. Through the Settlement Agreement, WCU released Thorco and the Thorntons from nearly $3,000,000.00 of the amount awarded in the Judgment of Foreclosure and Order of Sale, and agreed to pay Thorco $150,000.00.

**RESPONSE:** In response to paragraph 40, Defendants assert the Settlement Agreement speaks for itself, is the best evidence of its contents, and contains substantially more facts than asserted in the paragraph. To the extent the allegations are not consistent with or mischaracterize the document as a whole, Defendants deny them.

41. Through the Settlement Agreement, Thorco released its lender liability counterclaims against WCU.

**RESPONSE:** In response to paragraph 41, Defendants admit on information and belief the allegations.

42. The Settlement Agreement contained the following terms (emphasis added):

> 2(b). WCU shall execute releases of its mortgages for the 200 and 300 acre tracts, a copy of which are attached as Exhibit B. *At execution of this agreement, the executed releases shall be deposited into escrow with First American Title Company.* If Thorco timely

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 16.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 16 of 42

exercises its option, First American Title shall record the appropriate
release or releases.

2(c). Thorco shall execute Non-Merger Warranty Deeds conveying
all of Thorco's right, title, and interest in the 200 and 300 acre tracts
to WCU along with a Realty Transfer Certificate, a copy of which are
attached as Exhibit C. *At execution of this agreement, the executed
Non-Merger Warranty Deeds shall be deposited into escrow with
First American Title Company*. If Thorco fails to timely exercise its
option(s), First American Title shall record the appropriate deed(s).

**RESPONSE:** In response to paragraph 42, Defendants admit the quoted

language set forth is contained within the Settlement Agreement, but asserts the

Settlement Agreement speaks for itself, is the best evidence of its contents, and

contains substantially more facts than asserted in the paragraph. To the extent the

allegations are not consistent with or mischaracterize the document as a whole,

Defendants deny them.

43.    After the Settlement Agreement was signed, Thorco retained

ownership of the Property.

**RESPONSE:** In response to paragraph 43, the allegations constitute legal

assertions to which a response is not required nor offered. To the extent a response

is required, Defendants deny the allegations.

44.    Through the Settlement Agreement, Thorco was granted an option to

receive back the executed Non-Merger Warranty Deeds for the Property (and the

full releases of the prior mortgages would be recorded) (individual parcels, or

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 17.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 17 of 42

together) for $1,400,000.00 (with the price split between the two parcels as outlined in the Settlement Agreement).

**RESPONSE:** In response to paragraph 44, the Settlement Agreement speaks for itself, is the best evidence of its contents, and contains substantially more facts than asserted in the paragraph. Further, the allegations constitute legal conclusions to which a response is not required nor offered. To the extent a response is required, Defendants deny italicized and underlined language is contained in the Settlement Agreement and further deny the characterization of the Settlement Agreement's terms in paragraph 44 is accurate.

45. While the Settlement Agreement labeled this an "option to purchase property", since Thorco already owned the Property this option was more properly an "option to purchase the executed Warranty Deeds" which were to be held in escrow. This purchase would have continued Thorco's uninterrupted ownership of the Property.

**RESPONSE:** In response to paragraph 45, the Settlement Agreement speaks for itself, is the best evidence of its contents, and contains substantially more facts than asserted in the paragraph. Further, the allegations constitute legal conclusions to which a response is not required nor offered. To the extent a response is required, Defendants deny italicized and underlined language is

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 18.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 18 of 42

contained in the Settlement Agreement and further deny the characterization of the Settlement Agreement's terms in paragraph 45 is accurate.

46.     The Settlement Agreement also required the parties to stipulate to vacate the Judgment of Foreclosure and Order of Sale and dismiss with prejudice all claims in the 2012 Case.

**RESPONSE:**  In response to paragraph 46, the Settlement Agreement speaks for itself, is the best evidence of its contents, and contains substantially more facts than asserted in the paragraph.  Further, the allegations constitute legal conclusions to which a response is not required nor offered. To the extent a response is required, Defendants admit on information and belief the allegations contained in the paragraph.

47.     The Settlement Agreement was signed on June 8, 2016, by all relevant parties.  The attachments to the Agreement (Releases of Mortgage and Warranty Deeds) were also signed that same day.

**RESPONSE:**  In response to paragraph 47, Defendants admit on information and belief the allegations.

48.     Upon signing the Settlement Agreement and ancillary documents, they were provided to WCU's counsel with instructions to open the required escrow account and deposit the documents with First American Title.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 19.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 19 of 42

**RESPONSE:** In response to paragraph 48, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

49. By taking possession of all the signed settlement documents (including attachments to the Settlement Agreement), WCU assumed the duty to open the escrow account and deposit the documents with First American Title.

**RESPONSE:** In response to paragraph 49, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

50. WCU's counsel failed to open the escrow account or deposit the documents with First American Title, but instead kept the original documents in his office indefinitely.

**RESPONSE:** In response to paragraph 50, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

51. On August 11, 2016, pursuant to the terms of the Settlement Agreement, the parties filed a Joint Motion to Vacate the Judgment of Foreclosure and Order of Sale and a Stipulation to Dismiss, with prejudice, the claims in the 2012 Case.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO      PAGE 20.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 20 of 42

**RESPONSE:** In response to paragraph 51, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

52.    On August 16 and August 24, 2016, the court in the 2012 Case vacated its prior judgment, and dismissed all claims asserted in the 2012 Case with prejudice.

**RESPONSE:** In response to paragraph 52, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

53.    After August 2016, the liability on the 2009 Note and 2009 Mortgage had been released and all claims related to those agreements had been dismissed with prejudice.

**RESPONSE:** In response to paragraph 53, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

54.    Additionally, after August 2016, WCU's liability on Thorco's counterclaims had also been released and those claims had been dismissed.

**RESPONSE:** In response to paragraph 54, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 21.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 21 of 42

55.     As of June 2016, any further liabilities between Thorco and WCU were solely governed by the Settlement Agreement.

**RESPONSE:**  In response to paragraph 55, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

56.     The executed Warranty Deeds attached to the Settlement Agreement constituted a disguised mortgage, securing the new obligation to pay $1,400,000.00 (or some combination thereof).

**RESPONSE:**  In response to paragraph 56, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

57.     Due to WCU's failure to deposit the documents in escrow, as required by the Settlement Agreement and assumed by WCU taking possession of all the original documents, Thorco was unable to show any third-party that it had a much lower obligation to WCU (than the amount of the prior judgment that had been entered) in order to pay the amount required by the Settlement Agreement.

**RESPONSE:**  In response to paragraph 57, Defendants deny the allegations.

58.     Due to WCU's failure to open escrow, and WCU providing incorrect payoff information to potential lenders prior to the option period expiring, Thorco was incapable of paying the required option payment.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO                    PAGE 22.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 22 of 42

**RESPONSE:** In response to paragraph 58, Defendants deny the allegations.

59.     On December 27, 2017, Thorco filed another Chapter 11 bankruptcy petition (the "2017 BK Case"), at least in part due to the pending deadline to exercise the repurchase option under the Settlement Agreement.

**RESPONSE:** In response to paragraph 59, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

60.     While the 2017 BK Case was pending, the Thorntons also filed a new state court case (the "2018 Case"), seeking an order for damages and/or requiring WCU to perform the terms of the Settlement Agreement (including, specifically, depositing the required documents in escrow and allowing the payment of the option price).

**RESPONSE:** In response to paragraph 60, Defendants admit on information and belief the allegations.

61.     In the 2017 BK Case, WCU filed a Proof of Claim, asserting a claim for $1,400,000.00, based on the terms of the Settlement Agreement.  (*See* 2017 BK Case, POC 10-1.).

**RESPONSE:** In response to paragraph 61, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 23.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 23 of 42

62.    In the 2017 BK Case, WCU claimed to have recorded mortgages securing the $1,400,000.00 owed.

**RESPONSE:**  In response to paragraph 62, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

63.    In fact, there were no recorded mortgages securing the $1,400,000.00 in the Settlement Agreement.

**RESPONSE:**  In response to paragraph 63, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

64.    In the 2017 BK Case, WCU also filed a Motion to Modify Stay, seeking relief from the automatic stay in order to record the Warranty Deeds.  (See 2017 BK Case, Docket No. 20).  In this Motion, despite its Proof of Claim amount, WCU asserted that the original 2009 Note amount remained due and owing.

**RESPONSE:**  In response to paragraph 64, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

65.    In May 2018, based (at least in part), on WCU's counsel's agreement to immediately deposit the Settlement Agreement and other documents into escrow

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO      PAGE 24.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 24 of 42

as required by the Agreement and allow the payment of the option amount, Thorco sought to dismiss the 2017 BK Case.  Dismissal was granted in May 2018.

**RESPONSE:**  In response to paragraph 65, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

66.     Despite the promise to immediately deposit the documents in escrow and allow the option payment, WCU failed to do so.

**RESPONSE:**  In response to paragraph 66, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

67.     Despite holding the Warranty Deeds (either in escrow as required, or in its attorney's office) as a disguised mortgage to secure payment of the $1,400,000.00, WCU failed to foreclose on its interest in the Warranty Deeds.

**RESPONSE:**  In response to paragraph 67, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

68.     In the 2018 Case, WCU successfully sought and received an order concluding (erroneously) that "Thorco, Inc. and the Thorntons have not satisfied the loan.  WCU's loan to Thorco, Inc. … remains in default and owing."  (*see* 2018 Case, order dated October 4, 2018).

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO                    PAGE 25.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 25 of 42

**RESPONSE:** In response to paragraph 68, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

69.    In effect, then, this order ignored the vacating of judgment and dismissal of all claims in the 2012 Case. This order did not recognize the replacement of the original obligation with the Settlement Agreement obligations.

**RESPONSE:** In response to paragraph 69, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

70.    On October 25, 2018, despite promising to place the documents in escrow as required and failing to foreclose on the Warranty Deeds, and after receiving the order in the 2018 Case, WCU caused the Warranty Deeds to be recorded in the records of Flathead County.

**RESPONSE:** In response to paragraph 70, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the same.

71.    Copies of the recorded Warranty Deeds are attached hereto as *Exhibits D and E*.

**RESPONSE:** In response to paragraph 71, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO    PAGE 26.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 26 of 42

72.     Included with the Warranty Deeds were realty transfer certificates, which indicate the nature of the transfer.  The transfer certificates do not indicate the Warranty Deeds were deeds in lieu of foreclosure.

**RESPONSE:**  In response to paragraph 72, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

73.     Because the Warranty Deeds had been provided to WCU's counsel for placement into escrow to hold securing the option payment of $1,400,000.00, the Warranty Deeds were not "delivered" to WCU by Thorco.

**RESPONSE:**  In response to paragraph 73, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

74.     The recording of the Warranty Deeds in October 2018, constitutes a transfer of Thorco's interest in the Property to WCU.

**RESPONSE:**  In response to paragraph 74, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

75.     The recording of the Warranty Deeds in October 2018 was an involuntary transfer of Thorco's interest in the Property.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO                    PAGE 27.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 27 of 42

**RESPONSE:** In response to paragraph 75, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

76. At the time the Property was transferred (October 2018), Thorco's only outstanding liability to WCU was $1,400,000.00.

**RESPONSE:** In response to paragraph 76, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

77. At the time the Property was transferred to WCU, the value of the Property was significantly higher than the outstanding Settlement Agreement obligation.

**RESPONSE:** In response to paragraph 77, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

78. After recording the Warranty Deeds, WCU later transferred the Property to MO Somers LLC, via Special Warranty Deed (the "MO Somers Deed").

**RESPONSE:** In response to paragraph 78, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 28.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 28 of 42

is required, and subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

79. The MO Somers Deed was signed and recorded on February 14, 2022.

**RESPONSE:** In response to paragraph 79, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

80. A copy of the MO Somers Deed is attached here as ***Exhibit F***.

**RESPONSE:** In response to paragraph 80, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

81. MO Somers' registered agent is a partner at the same law firm that represents WCU (the same law firm that held the Settlement Agreement documents without depositing them in escrow). Accordingly, MO Somers is aware (through its counsel's and registered agent's knowledge) of the history of the Property and Thorco's claims to proper ownership.

**RESPONSE:** In response to paragraph 81, Defendants admit the allegation that MO Somers LLC's registered agent is a partner at the same law firm that represents WCU, but deny the remainder of the paragraph.

82. Further, it is unclear what, if anything, MO Somers paid for the Property.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO      PAGE 29.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 29 of 42

**RESPONSE:** In response to paragraph 82, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

83. Accordingly, MO Somers is not a "good faith transferee who took for value" as defined by Montana Code or the Bankruptcy Code.

**RESPONSE:** In response to paragraph 83, Defendants deny the allegations.

84. Just weeks after receiving the Property from WCU, MO Somers transferred a portion of the Property (the 200-acre parcel) to Ruis Glacier LLC via Quitclaim Deed (the "Ruis Glacier Deed").

**RESPONSE:** In response to paragraph 84, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, subject to the defenses and denials contained in this Answer, Defendants admit that MO Somers LLC transferred a portion of the Property to Ruis Glacier, LLC, but deny the remaining allegations contained in the paragraph.

85. The Ruis Glacier Deed was signed and recorded on May 3, 2022.

**RESPONSE:** In response to paragraph 85, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

86. A copy of the Ruis Glacier Deed is attached here as *Exhibit G*.

**RESPONSE:** In response to paragraph 86, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO                    PAGE 30.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 30 of 42

87.     Similar to MO Somers, Ruis Glacier's registered agent is a partner at the same law firm that represents WCU (the same law firm that held the Settlement Agreement documents without depositing them in escrow).  Accordingly, Ruis Glacier is aware (through its counsel's and registered agent's knowledge) of the history of the Property and Thorco's claims to proper ownership.

**RESPONSE:**  In response to paragraph 87, Defendants admit the allegation that Ruis Glacier, LLC's registered agent is a partner at the same law firm that represents WCU, but deny the remainder of the paragraph.

88.     Further, it is unclear what, if anything, Ruis Glacier paid for the 200-acre parcel.

**RESPONSE:**  In response to paragraph 88, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

89.     Accordingly, Ruis Glacier is not a "good faith transferee who took for value" as defined by Montana Code or the Bankruptcy Code.

**RESPONSE:**  In response to paragraph 89, Defendants deny the allegations.

90.     Similarly, just weeks after receiving the 200-acres from MO Somers, Ruis Glacier transferred the 200-acre parcel to Neal Bouma via Warranty Deed (the "Bouma Deed").

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO      PAGE 31.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 31 of 42

**RESPONSE:** In response to paragraph 90, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, and subject to the defenses and denials contained in this Answer, Defendants admit that Ruis Glacier, LLC transferred a portion of the parcel to Bouma, but deny the remaining allegations contained in the paragraph.

91.     The Bouma Deed was signed and recorded on June 28, 2022.

**RESPONSE:** In response to paragraph 91, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

92.     A copy of the Bouma Deed is attached here as ***Exhibit H***.

**RESPONSE:** In response to paragraph 92, subject to the defenses and denials contained in this Answer, Defendants admit the allegations.

93.     Upon information and belief, Bouma is aware of the history of the Property and Thorco's claims to proper ownership.

**RESPONSE:** In response to paragraph 93, Defendants deny the allegations.

94.     Further, it is unclear what, if anything, Bouma paid for the 200-acre parcel.

**RESPONSE:** In response to paragraph 94, Defendants deny the allegations.

95.     Accordingly, Bouma is not a "good faith transferee who took for value" as defined by Montana Code or the Bankruptcy Code.

**RESPONSE:** In response to paragraph 95, Defendants deny the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO      PAGE 32.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 32 of 42

96. When WCU originally refinanced the loan to Thorco, it named Title Financial Specialty Services ("TFSS") as its attorney-in-fact under the Mortgage.

**RESPONSE:** In response to paragraph 96, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

97. In May 2022, WCU finally instructed TFSS to release the Mortgage which had been settled and discharged by the Settlement Agreement in 2016 and dismissal of the 2012 Case.

**RESPONSE:** In response to paragraph 97, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

98. A copy of the Satisfaction of Mortgage recorded by TFSS is attached here as ***Exhibit I***.

**RESPONSE:** In response to paragraph 98, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

99. In June 2022, unsatisfied with the Satisfaction of Mortgage recorded by TFSS, WCU caused to be prepared a "Corrected Release of Mortgage" to be signed and recorded.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO PAGE 33.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 33 of 42

**RESPONSE:** In response to paragraph 99, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

100. A copy of the Corrected Release of Mortgage is attached here at *Exhibit J*.

**RESPONSE:** In response to paragraph 100, Defendants admit on information and belief the allegations.

101. The Corrected Release of Mortgage was signed by James Kenyon as CEO/President of Whitefish Credit Union.

**RESPONSE:** In response to paragraph 101, Defendants admit on information and belief the allegations.

102. The Corrected Release of Mortgage contains several incorrect or erroneous legal conclusions or statements regarding the outstanding debt and/or ownership of the Property.

**RESPONSE:** In response to paragraph 102, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

103. Under applicable Montana law, neither Kenyon or WCU had authority to sign or record the Corrected Release of Mortgage.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO    PAGE 34.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM    Doc#: 41    Filed: 04/05/23    Page 34 of 42

**RESPONSE:** In response to paragraph 103, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

### CLAIM ONE
### AVOIDANCE OF FRAUDULENT TRANSFERS
### (11 U.S.C. §544(b)(1) and M.C.A. 31-2-333 & 31-2-334)

104. The Debtor realleges all of the foregoing paragraphs as if fully set forth herein.

**RESPONSE:** In response to paragraph 104, Defendants incorporate their responses to the referenced paragraphs.

105. The transfers of the Property occurred within four (4) years of the Petition Date.

**RESPONSE:** In response to paragraph 105, Defendants admit on information and belief the allegations.

106. At the time of the transfers of the Property, Thorco was indebted to numerous creditors as evidenced by the numerous creditors who filed proofs of claim in the 2017 BK Case.

**RESPONSE:** In response to paragraph 106, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO       PAGE 35.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 35 of 42

107. At the time the transfers of the Property occurred, any of Thorco's unsecured creditors that would have a right under applicable nonbankruptcy law to pursue claims to avoid the transfers under Montana Code sections 31-2-333 or 31-2-334 because:

        a.    Thorco did not receive reasonably equivalent value in return for the transfers.

        b.    WCU failed to properly foreclose on the Warranty Deeds it was holding as security for the payment of the $1,400,000.00.

        c.    At the time of the transfers, Thorco was engaged in business for which its remaining assets were unreasonably small in relation to Thorco's business and debts owed.

        d.    Alternatively, at the time of the transfers, Thorco reasonably believed or should have believed that it would incur debts beyond its ability to pay as such debts became due.

**RESPONSE:** In response to paragraph 107, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

108. At the time the transfers were made, or thereafter, Thorco had creditors other than WCU.

**RESPONSE:** In response to paragraph 108, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO    PAGE 36.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 36 of 42

109.   Those creditors were, or would have been, a creditor holding an allowable unsecured claim.

**RESPONSE:**  In response to paragraph 109, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

110.   The transfers during the four (4) years preceding the Petition Date are avoidable pursuant to 11 U.S.C. §544(b)(1) and Montana Code §31-2-333 or §31-2-334.

**RESPONSE:**  In response to paragraph 110, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

111.   Pursuant to 11 U.S.C. §550(a)(1) the Debtor may recover the transfers from WCU as the initial transferee or the entity on whose behalf the transfers were made.

**RESPONSE:**  In response to paragraph 111, the allegations constitute legal assertions to which a response is not required nor offered.  To the extent a response is required, Defendants deny the allegations.

112.   Pursuant to 11 U.S.C. §550(a)(2), the Debtor may recover the transfers from MO Somers and/or Ruis Glacier LLC and/or Bouma as the subsequent transferees of the Property.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 37.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 37 of 42

**RESPONSE:** In response to paragraph 112, the allegations constitute legal assertions to which a response is not required nor offered. To the extent a response is required, Defendants deny the allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint is an improper collateral attack upon a judgment or decision.

2. The claim for relief is barred by *res judicata*, claim preclusion, and/or issue preclusion.

3. The claim for relief is barred by laches.

4. The claim for relief is barred by unclean hands.

5. The claim for relief is barred by accord and satisfaction.

6. The claim for relief is barred by estoppel, judicial estoppel, and equitable estoppel.

7. The claim for relief is barred by release.

8. The claim for relief is barred by the statute of limitations, including 11 U.S.C. § 550(f).

9. The claim for relief is barred by waiver.

10. There is no statutory, contractual, or other basis for an award of attorney fees.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

PAGE 38.

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 38 of 42

11.     The claim for relief is barred by lack of subject matter jurisdiction in that the Property is not an asset of the estate.

12.     Defendants acquired the real property in good faith and for a reasonably equivalent value.  Mont. Code Ann. § 31-2-340(1).

13.     Defendants are subsequent transferees whose transactions are not voidable under Montana Code Annotated § 31-2-333(1)(a) by reason of Montana Code Annotated § 31-2-340(1).

14.     Defendants are not a creditor or a former creditor of the Debtor and neither Montana Code Annotated § 31-2-333 nor Montana Code Annotated § 31-2-333 are applicable as to them.

15.     Defendants took the real property for value, in good faith, and without knowledge of the actual or alleged voidability of the transfer.

16.     Defendants are mediate good faith transferees of the preceding transferee.

17.     Defendants transferred a portion of the real property for value, in good faith, and without knowledge of the actual or alleged voidability of the transfer.

18.     On information and belief, Debtor cannot prove the elements of claims under Montana Code Annotated §§ 31-2-333 and 31-2-334.

19.     Debtor was not insolvent at the time of the initial transfer, the initial transfer did not make the Debtor insolvent, the initial transfer did not leave the

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 39.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 39 of 42

Debtor with an unreasonably small amount of assets in relation to its business, and/or the initial transfer did not leave the Debtor in a position in which it was unable to pay its debts as they came due.

20.    No creditor at the time of the initial transfer was harmed, damaged, or incurred a loss by reason of the initial transfer.

21.    Debtor has failed to allege specific facts to support its allegations of fraudulent conduct or the elements of the statutory bases on which the Complaint is based.

## **COUNTERCLAIM**

For their Counterclaim, Defendants state and allege:

1.    MO Somers LLC and Ruis Glacier, LLC are Defendants in this Adversary Proceeding by which Debtor asserts a claimed fraudulent conveyance occurred in connection with Defendants' purchase of the real property identified in the Complaint.

2.    Defendants are subsequent transferees rather than the first transferee.

3.    Defendants took the property in good faith and for a reasonably equivalent value.

4.    In the event the Debtor prevails in this proceeding, which event Defendants deny and contest, then Defendants are entitled, to the extent of the value given for the transfer or obligation, to (a) a lien on or a right to retain any

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO          PAGE 40.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 40 of 42

interest in the asset transferred; (b) enforcement of any obligation incurred; or (c) a reduction in the amount of the liability on the judgment.

5.     Alternatively, in the event the Debtor prevails in this proceeding, which event Defendants deny and contest, Defendants are entitled to a lien on the real property recovered to secure the lesser of (a) the cost to Defendants of any improvements made by them and any profit realized by or accruing to them from such property, and (b) any increase in the value of such property as a result of such improvements.

6.     The amount of such entitlements is not presently known to Defendants but will be proven at trial.

WHEREFORE, having joined in Defendant Neal Bouma's Motion to Strike with supporting memorandum, Answer, Affirmative Defenses, and Counterclaim, Defendants requests the following relief:

1.     The Complaint be denied and Debtor take nothing by this action;

2.     The Complaint be dismissed as to Defendants;

3.     In the event the Court determines an avoidable transaction occurred, Defendants be awarded their entitlement offsets and lien;

4.     An award of Defendants' recoverable attorneys' fees, costs, and expenses; and

5.     Such other and further relief as to the Court seems just and equitable.

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO                    PAGE 41.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 41 of 42

DATED this 5th day of April, 2022.

                    LAIRD COWLEY, PLLC


                    By:   /s/ Tyler C. Smith
                          Tyler C. Smith
                          Attorneys for Ruis Glacier, LLC

MO SUMMERS LLC AND RUIS GLACIER, LLC'S MOTION TO STRIKE, ANSWER TO        PAGE 42.
FIRST AMENDED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND
RECOVER PROPERTY, AND COUNTERCLAIM

9:22-ap-09003-JMM   Doc#: 41   Filed: 04/05/23   Page 42 of 42